**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

KESHA HOLLIDAY
*for the Estate of*
WILLA C. BARNHART,

Plaintiff,

v. CIVIL ACTION NO. 5:26-cv-00479

DR. GINA JERREZA-HARRIS,
*Raleigh General Hospital*, and
RALEIGH GENERAL HOSPITAL, and
RALEIGH GENERAL ICU STAFF, and
RALEIGH GENERAL SECOND FLOOR STAFF, and
PINE LODGE NURSING HOME, and
PINE LODGE (ATTORNEYS) NURSING HOME, and
PINE LODGE MEDICAL RECORDS, and
BECKLEY ARH HOSPITAL,

Defendants.

**ORDER**

Pending is Plaintiff Kesha Holliday's *pro se* Complaint [Doc. 1], seeking relief pursuant to the False Claims Act, 31 U.S.C. § 3729, filed July 24, 2026. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). On July 27, 2026, Magistrate Judge Aboulhosn ordered Ms. Holliday to retain counsel no later than August 27, 2026, inasmuch as it was evident she had filed suit on behalf of her mother's estate. [Doc. 4]. Magistrate Judge Aboulhosn warned Ms. Holliday that a failure to retain counsel would result in a recommendation to the undersigned that her case be dismissed without prejudice pursuant to *Federal Rule of Civil Procedure* 41(b). [*Id.*]. Ms. Holliday failed to retain counsel as directed.

On August 31, 2026, Magistrate Judge Aboulhosn filed his PF&R. [Doc. 8]. Magistrate Judge Aboulhosn recommended that the Court dismiss Ms. Holliday's Complaint without prejudice unless she (1) obtains counsel, or (2) provides the Court with evidence that she is the sole beneficiary of the estate and that the estate has no creditors. *See Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (holding "[t]he administrator and sole beneficiary of an estate with no creditors . . . may appear *pro se* on behalf of the estate.") (internal citations and quotations omitted); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (recognizing "[a]lthough individuals have a right to proceed pro se, . . . administrators do not act on behalf of themselves, but on behalf of all the beneficiaries of an estate. Consequently, if the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court."); *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998) (same).

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct

the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections in this case were due on September 17, 2026. No objections were filed. Instead, on the objection deadline, Ms. Holliday filed a Motion for More Time to Get an Attorney [Doc. 9], contending she has contacted forty-six attorneys but has been unsuccessful in retaining counsel inasmuch as most "are stuck on the two year statute." [*Id.*]. Inasmuch as Ms. Holliday has had nearly three months to obtain representation and has contacted nearly fifty attorneys, all of whom have presumably declined representation, the Court concludes any further time to conduct an attorney search would be futile under the circumstances.

Accordingly, the Court **DENIES** Ms. Holliday's Motion for More Time to Get an Attorney [**Doc. 9**], **ADOPTS** the PF&R [**Doc. 8**], **DISMISSES WITHOUT PREJUDICE** Ms. Holliday's Complaint [**Doc. 1**], and **REMOVES** this matter from the docket. Ms. Holliday remains free to refile this matter in the event she (1) obtains counsel, or (2) provides the Court with the requisite evidence that she is the sole beneficiary of the estate and that the estate has no creditors as indicated above.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: October 14, 2026

Frank W. Volk
Chief United States District Judge